**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH BONNER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PHILIP BRUNO, JR., et al.,<br><br>    Defendants. | CIVIL ACTION NO. 11-2320 (MLC)<br><br>**O P I N I O N** |

**PLAINTIFFS' COUNSEL** advised the Court that the defendant Diane Tozzolo filed a bankruptcy petition on March 28, 2013 ("Bankruptcy Petition") in the United States Bankruptcy Court for the District of Maryland ("Maryland Bankruptcy Court"). (See dkt. entry no. 25, 7-1-13 Letter from Pls.' Counsel to Court at 1.) The Court has independently confirmed that the Bankruptcy Petition was filed by Diane Tozzolo Funkhouser, f/k/a Diane Marie Tozzolo. See Voluntary Pet. at 1, In re Funkhouser, No. 13-15465 (Bankr. D. Md. Mar. 28, 2013), ECF No. 1.

**THE FILING** of the Bankruptcy Petition triggered an automatic stay of this action insofar as claims are raised against Tozzolo. See 11 U.S.C. § 362(a)(1); Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1203-05 (3d Cir. 1991). The Court will thus stay and administratively terminate the action insofar as it has been brought against Tozzolo. Cf. Arpaio v. Dupre, No. 12-

3619, 2013 WL 2150869, at *3 (3d Cir. May 20, 2013) (resolving appeal, but limiting review of district court's order to impact upon defendant who had not filed for bankruptcy relief).

**THE COURT** will also stay and administratively terminate the action insofar as claims are raised against the defendant Philip Bruno, Jr.  Such action is taken pursuant to the Court's inherent power to control the docket, to serve the interest of judicial efficiency.  See <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936); <u>Rolo v. Gen. Dev. Corp.</u>, 949 F.2d 695, 702 (3d Cir. 1991) (recognizing district court's "inherent power to control its docket").

**ADMINISTRATIVE TERMINATION** of the action is not the equivalent of a dismissal with prejudice.  See, e.g., <u>Delgrosso v. Sprang & Co.</u>, 903 F.2d 234, 236 (3d Cir. 1990) (noting that administrative termination, unlike a final order and judgment, "permits reinstatement and contemplates the possibility of future proceedings" and "does not purport to end litigation on the merits").  The administrative termination of this action does not affect the plaintiffs' ability to move before the Maryland Bankruptcy Court for relief from the automatic stay.  See <u>Maritime Elec. Co.</u>, 959 F.2d at 1204 ("Only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor.")

Similarly, it does not affect the plaintiffs' ability to move to reopen the action when justice so requires, pursuant to Local Civil Rule 7.1.

    **THE COURT,** for good cause appearing, will issue a separate Order.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:    July 11, 2013